

FILED

APR 3 0 2015

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL P. O'CONNELL, | Cause No. CV 14-213-M-DLC-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| MARTIN FRINK, et al., | |
| Respondents. | |

This case comes before the Court on Petitioner Michael O'Connell's application for writ of habeas corpus under 28 U.S.C. § 2254. O'Connell is a state prisoner proceeding pro se.

In his petition, O'Connell makes four separate allegations: that his confession was coerced; that there was an illegal search conducted by his probation officer; that the victim unjustly increased the restitution amount; and, that his attorney failed to consult with him about an appeal. *See* Pet. at 4-9 ¶¶ 13A-D.

On March 3, 2015, O'Connell was ordered to show cause why his petition should not be dismissed with prejudice as procedurally barred or as time-barred. He responded on March 24, 2015. (Doc. 6). Based on the record before it and the response from Petitioner, the Court finds the petition is outside the statute of limitations and is procedurally defaulted without excuse.

1

# I. Background

O'Connell challenges convictions for felony theft, misdemeanor criminal trespass, and misdemeanor criminal mischief imposed in Ravalli County, Montana. On October 12, 2010, O'Connell pled guilty. At the time O'Connell committed the referenced offenses, he was on probation with the State of Montana. He was sentenced to serve ten years for felony theft and six months for each misdemeanor. Pet. (Doc. 1) at 2-3 ¶¶ 1-5.

On December 28, 2011, O'Connell filed a motion to withdraw his guilty plea in the trial court alleging that an illegal search had taken place, that his confession had been coerced, and that the amount of restitution ordered was incorrect. (Doc. 9-2). In his reply to the motion to withdraw, O'Connell asked the trial court to excuse him from the statutory time bar, due to his trial counsel's failure to communicate with him and failure to file an appeal. (Doc. 9-5) at 2-3. O'Connell stated that he "was under the impression that representation of counsel ended at the time of sentence due to lack of communication with said counsel." *Id.* at 2. O'Connell went on to state, however, that his wife contacted his attorney within the allotted time to appeal, but because the appeal was not filed it "threw off the time tolling synchronization." *Id.* O'Connell felt that his postconviction motion to withdraw his plea should not be time-barred because he did not discover the alleged failure to file his appeal until after the time to appeal had expired. *Id.* at

3.

On June 4, 2012, the trial court denied the motion to withdraw as untimely and found that that O'Connell had not demonstrated actual innocence or any basis to support an exception to the statutory time limit imposed by Mont. Code Ann. § 46-16-105(2). (Doc 9-4) at 6-7. Further, the trial court found that O'Connell could not make a showing that a fundamental miscarriage of justice would result if the court failed to grant relief. *Id.* at 7. O'Connell did not appeal the trial court's ruling.

In 2014, O'Connell filed two petitions in the Montana Supreme Court.[1] The first was a petition for habeas corpus relief filed April 7, 2014, wherein O'Connell alleged that his convictions were unlawfully obtained and, thus, invalid. State Habeas Pet. at 2-4, *O'Connell v. Fender*, No. OP 14-0195 (Mont. Apr. 7, 2014). The petition was denied on April 22, 2014, on the grounds that, under Montana law, "[t]he remedy of habeas corpus is not available to attack the validity of a conviction or sentence of a person who has been adjudged guilty . . . and has exhausted the remedy of appeal." Order at 1, *O'Connell*, No. OP 14-0195 (Mont. Apr. 22, 2014).

O'Connell's second petition sought a writ of supervisory control regarding his motion to withdraw his guilty plea. O'Connell's petition alleged that the trial

---

[1] Documents filed in the Montana Supreme Court are available at http://supremecourtdocket.mt.gov (accessed April 25, 2015).

3

court had ruled on only one of the violations alleged in the motion to withdraw his guilty plea before dismissing the motion as time-barred. Pet. for Supervisory Control at 1-2, *State v. O'Connell*, No. OP 14-0423 (Mont. July 2, 2014). The petition was denied on July 15, 2014. Order at 3, *O'Connell*, No. OP 14-0423 (Mont. July 15, 2014).

O'Connell filed his federal habeas petition on August 21, 2014. Pet. at 11 Decl. ¶ C; *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

## II. Claims

As set forth above, O'Connell alleges that his confession was coerced by a police officer's statement that he must be honest with law enforcement as a condition of his probation; that a search conducted by his probation officer was not supported by reasonable suspicion; that the victim increased the amount of brass O'Connell stole from him after learning from police how much brass O'Connell had sold to a third party; and that his attorney failed to consult with him about appeal even after his wife indicated that she, holding O'Connell's power of attorney, wanted to appeal. *See* Pet. at 4-9 ¶¶ 13A-D.

## III. Analysis

### A. Federal Statute of Limitations

A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244. O'Connell identifies no reason to

4

apply one of the other "trigger" dates in 28 U.S.C. § 2244(d)(1), and the Court

perceives none. Therefore, O'Connell's federal petition had to be filed within one

year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). Because

he did not file a timely notice of appeal in state court, his conviction became final

60 days after entry of the written judgment, that is, on December 13, 2010.[2] *See*

Pet. (Doc. 1) at 1; Mont. R. App. P. 4(5)(b)(i) (2008); *Gonzalez v. Thaler*, __ U.S.

__, 132 S. Ct. 641, 653-54 (2012). O'Connell was required to file his federal

petition on or before Monday, December 13, 2011. But he did not file the present

petition until August 21, 2014, more than two and a half years too late.

Federal time is tolled while a state prisoner's "properly filed application for

State postconviction or other collateral review" is pending in state court. 28 U.S.C.

§ 2244(d)(2). On December 28, 2011, O'Connell filed a motion to withdraw his

guilty plea in the trial court. (Doc. 9- 2). On June 4, 2012, the motion was

dismissed as untimely. (Doc. 9-4). O'Connell did not appeal this ruling.

Consequently, no time was tolled under 28 U.S.C. § 2244(d)(2). *Pace v.

DiGuglielmo*, 544 U.S. 408, 414 (2005).

O'Connell also filed a state habeas petition on April 7, 2014. But the petition

was dismissed because state law does not recognize the writ of habeas corpus (or,

for that matter, a writ for supervisory control) as a remedy against an allegedly

---

[2] Sixty days after October 12, 2010, was December 11, 2010, but that was a Saturday. The last day O'Connell could have filed a notice of appeal was the following Monday.

invalid conviction or sentence. Order at 1, *O'Connell*, No. OP 14-0195; Mont. Code Ann. § 46-22-101(2). The state habeas petition was not "properly filed" under state law and so, like the motion to withdraw the guilty plea, did not toll time under 28 U.S.C. § 2244(d)(2).

Moreover, both O'Connell's motion to withdraw the guilty plea and his state habeas petition were filed after the federal limitations period had already expired. Even if either had tolled time, O'Connell's federal petition would still be untimely.

O'Connell asserts that he was unable to file a timely direct appeal of the judgment, because his attorney failed to consult with him about the appeal. Even if that is true, however, it does not affect the foregoing analysis of the federal limitations period. O'Connell did not file his Petition with this court until nearly two and a half years after the federal limitations period had expired and he points to no extraordinary circumstance that prevented him from doing so. Likewise, no legitimate basis exists to toll the time period. Consequently, because O'Connell demonstrates no reason to apply equitable tolling, *Holland v. Florida*, 560 U.S. 631, 649 (2010), or to excuse the limitations period altogether, *McQuiggins v. Perkins*, __ U.S. __, 133, S. Ct. 1924, 1928 (2013), the petition is time-barred.

### B. Procedural Default

A federal habeas court generally will not hear claims that have never been fairly presented in state court. O'Connell submitted his petition for writ of habeas

corpus to the Montana Supreme Court on April 7, 2014. His petition was dismissed because, under state law, the writ of habeas corpus is not available to challenge the validity of a conviction or sentence of a person who has been adjudged guilty and has exhausted the remedy of appeal. *See* MCA § 46-22-101(2). Consequently, all of O'Connell's claims are subject to dismissal for procedural default. *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005); *Smith v. Baldwin*, 510 F. 3d 1127, 1139 (9th Cir. 2007) (en banc)(quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1(1991)).

Procedural default may be overcome if O'Connell can make "an adequate showing of cause and prejudice" for his failure to exhaust his state court remedies. *Strickler v. Greene*, 527 U.S. 263, 282, 119 S. Ct. 1936 144 L. Ed. 2d 286 (1999). To make this showing, O'Connell must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546. O'Connell argues that cause exists to excuse his procedural default because his trial counsel failed to timely file an appeal of his sentence in December of 2011. In order to establish cause for a procedural default, O'Connell must demonstrate that the default is due to an external objective factor that "cannot fairly be attributed to him." *Id.* at 753.

Although O'Connell stated his disapproval for trial counsel's failure to file

an appeal in his motion to withdraw and argued this failure should serve as the basis for relief from the statutory time bar, he did not appeal the denial of that motion to the Montana Supreme Court. Additionally, a careful review of O'Connell's filings, belie the argument that it was counsel that prevented O'Connell from timely obtaining state court review of his substantive claims.

In support of his contention that he should be excused from procedural default by his trial attorney failing to file an appeal, O'Connell attached an affidavit from his wife, Angela Kay O'Connell, stating that on two separate occasions in November of 2010, she attempted to contact O'Connell's trial counsel regarding an appeal. (Doc. 6-1)[3]. It can be inferred from this document that even if O'Connell did not know the exact filing deadline of December 13, 2010, he knew he was under a timeline to file his appeal. The fact that O'Connell prompted his wife to contact trial counsel in November of 2010, suggests that O'Connell realized the appeal deadline was quickly approaching. Although O'Connell never says exactly when he learned his trial counsel failed to file an appeal, there is no indication that O'Connell attempted to seek an out of time appeal on his own behalf after December 13, 2010, as provided for under M.R. App. Pro. 4(6).

It was not until over a year later that O'Connell attempted to withdraw his guilty plea. It wasn't until nearly two years later that O'Connell raised his claims

---

[3] There is no indication in the record that O'Connell entered a conditional guilty plea, pursuant to MCA § 46-12-204(3), which would have allowed him the right to appeal an adverse determination of any pretrial motions with the approval of the trial court and consent of the prosecutor.

in a pro se state habeas petition. The alleged error of trial counsel failing to file an appeal sixty days after the judgment became final did not prevent O'Connell from timely raising his substantive claims with the Montana Supreme Court, either on an out of time direct appeal or on an appeal of the denial of his motion to withdraw, or in a post-conviction proceeding. Certainly O'Connell was savvy enough to file his motion to withdraw the guilty plea, his state habeas petition, his state writ of supervisory control, as well as the petition and associated documents pending before this Court.[4]

O'Connell alleges that in addition to his trial counsel's failure to file the appeal, his ability to obtain photocopies prevented him from timely filing the motion to withdraw his plea. *See* (Doc. 1) at 2; (Doc. 6) at 2. A review of the record shows, however, that while in custody O'Connell was able to write to the trial court to request that his judgment be amended. (Doc. 9-1) at 3, Doc. Seq. 40, dated 9/12/11. This request was made three months prior to the one year deadline for filing his motion to withdraw.

O'Connell has not shown that the failure of trial counsel to file the initial appeal rose to the level of an external objective factor causing the procedural default. After the 60 day deadline to file his appeal passed, O'Connell still had ten months to file his motion to withdraw the guilty plea or to seek other

---

[4] In the trial court, O'Connell also filed, pro se, Motion for Conclusion of Ruling (Doc. 9-1) at 3, Doc. Seq. 50, dated 5/9/14and a Motion for Change of Venue (Doc. 9-1) at 3, Doc. Seq. 51, dated 5/27/14.

postconviction relief. *See* Mont. Code Ann. § 46-16-105(2) (within 1 year of judgment court may permit the withdrawal of a guilty plea for good cause); § 46-21-102(1) (petition for postconviction to be filed one year after conviction becomes final). O'Connell cannot demonstrate cause to excuse his procedural default. Because he has not shown cause sufficient to excuse his default, it is not necessary to address whether O'Connell has demonstrated prejudice.

There is no basis to excuse O'Connell's failure to fairly present his claims in state court. There was an adequate and independent ground for the Montana Supreme Court to deny O'Connell's petition. O'Connell has failed to demonstrate adequate cause to excuse his default. Accordingly, the petition should be dismissed with prejudice as procedurally defaulted in its entirety.

## IV.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists or reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

O'Connell has not made a substantial showing that he was deprived of a constitutional right. Further, as he failed to present his claim to the Montana Supreme Court, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Mr. O'Connell's petition (Doc. 1) should be DISMISSED WITH PREJUDICE as time-barred and procedurally defaulted without excuse.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. O'Connell may object to this Findings and Recommendation within 14

days.[5] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. O'Connell must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 30th day of April, 2015.

Jeremiah C. Lynch
United States Magistrate Judge

---

[5] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.