FILED JUL 23 2015 Clerk, U.S District Court District Of Montana Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MICHAEL O'CONNELL,<br><br>Petitioner,<br><br>vs.<br><br>MARTIN FRINK, et al.,<br><br>Respondents. | CV 14–213–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on April 30, 2015, recommending that O'Connell's petition be denied and dismissed. O'Connell timely objected and is therefore entitled to *de novo* review of the specific findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of Judge Lynch's Findings and Recommendation not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons explained, the Court adopts Judge Lynch's Findings and Recommendation in full.

Judge Lynch found O'Connell's petition is outside the statute of limitations and is procedurally defaulted without excuse. O'Connell pleaded guilty to

1

felony theft, misdemeanor criminal trespass, and misdemeanor criminal mischief on October 12, 2010, and filed this habeas petition on August 25, 2014. Judge Lynch found the statute of limitations on O'Connell's petition ran on December 13, 2011, and recommended dismissal of O'Connell's habeas petition as time-barred, citing the one year limitations period that applies to petitions filed by state prisoners in 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1)(A).

Judge Lynch further found O'Connell's petition is procedurally defaulted without excuse because O'Connell failed to exhaust his claims in state court. *Strickler v. Greene*, 527 U.S. 263, 282 (1999). Judge Lynch found trial counsel's failure to file an appeal did not rise to the level of an external objective factor that caused the procedural default, and found the failure did not prevent O'Connell from timely raising his substantive claims with the Montana Supreme Court. *Coleman v. Thompson*, 501 U.S. 722, 750, 753 (1991) ("[Cause] must be something *external* to the petitioner[,] . . . 'some objective factor *external* to the defense impeded counsel's efforts to comply with the State's procedural rule'." (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (emphasis in the original).)

O'Connell mounts three objections: (1) his ineffective assistance of trial counsel claim is not procedurally defaulted under *Martinez v. Ryan,* 132 U.S. 1309 (2012); (2) his pro se Fourth and Fifth Amendment violation claims are not being

2

liberally construed; and (3) the actual innocence exception negates the statute of limitations.

O'Connell argues that *Martinez* precludes a finding that his ineffective assistance of trial counsel claim is procedurally defaulted. Because none of O'Connell's claims were adequately presented in state court, they are subject to dismissal unless O'Connell can make "an adequate showing of cause and prejudice" for his failure to exhaust state court remedies. *Stricker v. Green*, 527 U.S. 263, 282 (1999). Under *Martinez*, "[i]nadequate assistance of counsel at initial review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. At 1315. However, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318-19 (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)). Even assuming *Martinez* applies to O'Connell, O'Connell's ineffective assistance of counsel claim is not a substantial one. To succeed on an ineffective assistance of counsel claim, a petitioner must show (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668 (1984). O'Connell's

ineffective assistance of counsel claim is based on his trial counsel's alleged failure to file an appeal of his sentence. O'Connell pleaded guilty to the charges against him. He provides no evidence that his guilty plea was involuntary and he presents no arguments as to why the sentence imposed was illegal or would have been altered had he appealed it. Accordingly, *Martinez* provides O'Connell with no relief from procedural default and his claim is subject to dismissal on this ground.

O'Connell's second objection asserts Judge Lynch fails to construe his pro se claims of Constitutional violations liberally citing to *Tapia-Ortiz v. Doe*, 171 F. 3d 150 (2nd Circ. 1999). The statute of limitations and procedural default are "threshold barriers" claimants must overcome before substantive habeas claims are addressed. *Day v. McDonough*, 547 U.S. 198, 205-206 (2006) (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000)). Because Judge Lynch found, and this Court agrees, O'Connell's petition is time barred and procedurally defaulted without excuse, his claims of Constitutional rights violations need not be addressed on the merits. *Day*, 547 U.S. at 207 ("Habeas Rule 4 provides that district courts . . . must dismiss the petition '[i]f it plainly appears . . . that the petitioner is not entitled to relief.'").

Finally, O'Connell raises an actual innocence claim in his objections.

However, he fails to articulate a legitimate actual innocence claim. Instead, he asserts innocence by virtue of evidentiary error. He argues that without evidence allegedly obtained in violation of his Fourth and Fifth Amendment rights, no reasonable juror would find him guilty beyond a reasonable doubt. Such a basis of "innocence" is generally insufficient to overcome a procedural default. *See Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

Because this Court finds no clear error in Judge Lynch's findings and recommendations, this Court agrees that O'Connell's petition should be dismissed.

O'Connell fails to make a substantial showing of deprivation of a constitutional right. No reasonable jurist could conclude that this action should proceed on the merits or disagree that it is time-barred and procedurally defaulted. Therefore, a certificate of appealability is not warranted.

Accordingly, IT IS ORDERED that Judge Lynch's findings and recommendations (Doc. 10) are ADOPTED IN FULL. O'Connell's petition for writ of habeas corpus (Doc. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court shall enter by separate document a judgment of dismissal.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 23rd day of July, 2015.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court